IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

ANAISSA B. GERWALD,

Plaintiff,

v.

USA,

Defendant.

Civ. No. 6:23-cv-00382-AA

**OPINION & ORDER**

---

AIKEN, District Judge.

*Pro Se* Plaintiff Anaissa B. Gerwald, aka Ann E. Meraw, seeks leave to proceed *in forma pauperis* ("IFP") in this action. ECF No. 2. For the reasons set forth below, Plaintiff's Complaint, ECF No. 1, is DISMISSED with leave to amend. Plaintiff shall have thirty (30) days in which to file an amended complaint. The Court defers ruling on Plaintiff's IFP petition pending submission of the amended complaint.

**LEGAL STANDARD**

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to

pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

With regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of

any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

**DISCUSSION**

The Complaint in this case is disjointed and difficult to read. The Court is uncertain as to the basis of Plaintiff's claims in this case. The caption indicates that the Complaint is a "Motion for Revert Deciscin [sic] due to USA fraud by persecution request ALL MONEYS PAID ASAP with PENALTY & INTEREST" and "APPEAL F.C. Savannah 11th Dist. GA Case 4:11CV00289." The Complaint itself does not describe Plaintiff's case or her claims in a coherent way and the Court is unable to make out what Plaintiff's claims might be other than that she appears to believe her prior conviction is invalid because she was prosecuted under the name Ann Meraw. Plaintiff has attached voluminous exhibits, many of which appear to relate to Plaintiff's 2011 prosecution for bankruptcy fraud in District of Oregon, as well as Salem police reports from 2008.

To the extent that Plaintiff intends this to be a criminal appeal of a Georgia decision, as the caption indicates, this Court lacks jurisdiction and the claim is dismissed without leave to amend.

With respect to Plaintiff's Oregon-based claims, the Court is unable to make out what Plaintiff's claims are meant to be. The Complaint falls below the federal pleading standards and must be dismissed. As Plaintiff is *pro se*, dismissal shall be

with leave to amend and Plaintiff shall have thirty days from the date of this Order in which to file an amended complaint. In drafting the amended complaint, Plaintiff should bear in mind that the Court does not know anything about her case or her specific claims other than what she puts in the amended complaint. Plaintiff should avoid excessive use of unexplained acronyms, as in the Complaint, and should explain who each of the individuals referenced in the pleading are and how they relate to her claims. In sum, Plaintiff should explain what has happened, how she was injured, and why she believes the specific defendant or defendants she names should be held liable for the injury.

**CONCLUSION**

For the reasons set forth above, the Complaint, ECF No. 1, is DISMISSED with leave to amend. Plaintiff shall have thirty (30) days in which to file an amended complaint. Plaintiff is advised that failure to timely file an amended complaint will result in entry of a judgment of dismissal without further notice. The Court will defer ruling on Plaintiff's IFP petition, ECF No. 2, pending submission of the amended complaint.

It is so ORDERED and DATED this 18th day of September 2023.

/s/Ann Aiken
ANN AIKEN
United States District Judge