IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ANAISSA B. GERWALD,<br>aka Ann E. Meraw, | Civ. No. 6:23-cv-00382-AA |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| USA, | |
| Defendant. | |

AIKEN, District Judge.

*Pro Se* Plaintiff Anaissa B. Gerwald, aka Ann E. Meraw, seeks leave to proceed *in forma pauperis* ("IFP") in this action. ECF No. 2. For the reasons set forth below, the Application for Leave to Proceed IFP is GRANTED but the Amended Complaint, ECF No. 8, is DISMISSED without service on Defendant and without further leave to amend. Plaintiff's Motion for Production of Discovery, ECF No. 9, is DENIED.

**LEGAL STANDARD**

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make

Page 1 –OPINION & ORDER

two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

With regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should

construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

The Court previously dismissed Plaintiff's Complaint with leave to amend on the basis that the Complaint fell below pleading standards and failed to state a claim. ECF No. 5. In general, the original Complaint appeared to challenge federal prosecutions and a conviction in Oregon and possibly also in Georgia. Plaintiff filed the Amended Complaint, ECF No. 8, on November 20, 2023. Like the original Complaint, the Amended Complaint is disjointed and difficult to understand beyond the fact that Plaintiff believes she was wrongfully prosecuted and convicted of crimes in Oregon and/or Georgia. The Court is once again unable to make out what specific claim Plaintiff seeks to pursue. As the Court explained in its previous Order, this Court does not have jurisdiction over the Georgia courts and so that claim has been dismissed with prejudice.

To the extent that Plaintiff seeks to bring a claim under 42 U.S.C. § 1983, such claims apply to those acting under color of state law. It appears that Plaintiff is seeking to challenge a federal prosecution and conviction and so no claim may be made out under § 1983. *See Billings v. United States*, 57 F.3d 797, 801 (9th Cir. 1995) (holding that "§ 1983 provides no cause of action against federal agents acting

under color of federal law."). In addition, the Supreme Court has held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Although *Heck* concerned a challenge to a state court conviction, the rule "applies with equal force to federal convictions." *Sjodin v. California*, Case No. 1:23-cv-00454-JLT-SAB, 2023 WL 5487349, at *4 (E.D. Cal. Aug. 24, 2023) (internal quotation marks and citation omitted). Here, Plaintiff seems to allege that her federal conviction remains in place and so her claim, insofar as the Court can make it out, is barred by the *Heck* doctrine.

To the extent that Plaintiff is seeking to bring a claim for malicious prosecution, such a claim similarly requires that the underlying prosecution have terminated in her favor under both the federal and Oregon state law formulations of the claim. *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1068 (9th Cir 2004); *Miller v. Columbia City*, 282 Or. App. 348, 360 (2016). Here, Plaintiff appears to allege that she pleaded guilty to charges against her and that her conviction remains in place.

Because Plaintiff has failed to state a claim, the Amended Complaint must be dismissed. The Court concludes that further leave to amend would be futile and so dismissal shall be without leave to amend. Because this case is to be dismissed

without service upon Defendant, Plaintiff's Motion for Production of Discovery, ECF No. 9, is DENIED.

## CONCLUSION

For the reasons set forth above, Application for Leave to Proceed IFP, ECF No. 2, is GRANTED based on Plaintiff's showing of indigency. However, the Amended Complaint, ECF No. 8, is DISMISSED without service on Defendant and without further leave to amend. Final judgment shall be entered accordingly.

It is so ORDERED and DATED this ___19th___ day of December 2023.

/s/Ann Aiken
ANN AIKEN
United States District Judge